UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
------------------------------------------------------X
In Re:

                 Chapter 7

BIERCA NATALIA RAMOS        Case No. 12-35795 (CGM)
a/k/a BIERCA URENA-RAMOS
a/k/a NATALIE RAMOS

     Debtor(s)
------------------------------------------------------X

## NOTICE OF MOTION TO RE-OPEN CASE
## TO ADMINISTER ASSETS PURSUANT TO
## 11 U.S.C. §350(b) AND FRBP RULE 5010

  PLEASE TAKE NOTICE that upon the annexed application by BIERCA URENA-RAMOS, debtor, the undersigned will move this Court at a hearing to be held on the 27th day of June, 2017, at 9:30 a.m. at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie, New York 12601, for an Order, pursuant to 11 U.S.C. §350(b) and FRBP Rule 5010, re-opening this case for the purpose of administering assets and appointing a new Trustee.

  PLEASE TAKE FURTHER NOTICE that answering papers, affidavits and Memorandum of Law, pursuant to SDNY LBR Rule 9006-1 shall be served so as to be received by the undersigned not later that three (3) days before the return date of this motion.

Dated: Middletown, New York
   June 1, 2017

               /s/ Michael O'Leary
              Michael O'Leary, Esq.
              Hayward, Parker, O'Leary & Pinsky, Esqs.
              225 Dolson Avenue, Ste. 303
              Post Office Box 929
              Middletown, New York 10940
              Telephone: (845) 343-6227

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------X
In Re:

                                                                 Chapter 7

BIERCA NATALIA RAMOS                      Case No. 12-35795 (CGM)
a/k/a BIERCA URENA-RAMOS
a/k/a NATALIE RAMOS


                                          Debtor.
-----------------------------------------------------X

**ORDER RE-OPENING CASE**

      The motion dated June 1, 2017, of debtor Bierca Urena-Ramos, by her attorney Michael O'Leary, Esq. seeking to re-open the herein case for purposes of administering assets, and further seeking to obtain appointment of a Chapter 7 Trustee in the re-opened case, having come on for a hearing on June 27, 2017 before the undersigned Bankruptcy Judge at the U.S. Bankruptcy Court, 355 Main Street, Poughkeepsie, New York, and proof having been submitted of service upon all creditors and parties in interest, and the debtor having appeared in support of the motion, and no other appearances having been made and the Court having considered the motion of the debtor, and due deliberation having been had thereon, it is, pursuant to 11 U.S.C. §350(b) and FRBP Rule 5010,

      ORDERED, that the herein case is re-opened for the limited purpose of administering assets; and it is further

      ORDERED that the U.S. Trustee is directed to appoint a Chapter 7 Trustee in this re-opened case.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
---------------------------------------------------------X
*In Re:*

BIERCA NATALIA RAMOS
a/k/a BIERCA URENA-RAMOS
a/k/a NATALIE RAMOS

                 Chapter 7
                 Case No. 12-35795 (CGM)

                 Debtors.
---------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RE-OPEN CASE
PURSUANT TO 11 U.S.C. §350(b) and FRBP RULE 5010**

MAY IT PLEASE THE COURT:

      This Memorandum of Law is submitted by the debtor, as required by the Local Rules of the Southern District of New York, in support of the debtor's Motion for an Order Re-Opening Case, pursuant to 11 U.S.C. §350(b) and FRBP Rule 5010. The provisions of 11 U.S.C. §350(b) establish that "a case may be reopened in the Court in which such case was closed to administer assets, to accord relief for the debtor, or for other cause".

      FRBP Rule 5010 provides as follows:

      A case may be reopened on motion of the debtor or other party in interest pursuant to §350(b) of the Code. In a chapter 7, 12 or 13 case a trustee shall not be appointed by the United States Trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

      The debtor herein has a pre-petition claim for personal injury that that was never disclosed but should be administered for the creditors. Accordingly this case should be re-opened in order to administer said asset, with the United States Trustee appointing a Trustee in the re-opened case.

      Based on the foregoing reasons and the reasons set forth in the motion in support thereof, the Court is respectfully requested to re-open this case and appoint a new Trustee.


Dated: Middletown, New York
       June 1, 2017

                                              /s/ Michael O'Leary
                                              MICHAEL O'LEARY, Esq.
                                              Hayward, Parker, O'Leary & Pinsky, Esqs.
                                              225 Dolson Avenue, Suite 303
                                              P.O. Box 929
                                              Middletown, New York 10940
                                              (845) 343 6227

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------X
*In Re:*

BIERCA NATALIA RAMOS                       Chapter 7
a/k/a BIERCA URENA-RAMOS             Case No. 12-35795 (CGM)
a/k/a NATALIE RAMOS

                            Debtors.
-------------------------------------------------------X
STATE OF NEW YORK     )
COUNTY OF ORANGE     ) ss:

      I, ALLISON MURPHY, being duly sworn, states:

      1.  I am not a party to the action, am over 18 years of age and reside at Walden, New York.

      2.  On June 6, 2017 I served the within Notice of Motion, Motion to Re-Open Case, Memorandum of Law and proposed Order Re-Opening Case, by depositing a true copy thereof enclosed in a postage-prepaid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State addressed to each of the creditors and parties in interest in this case at the last known address set forth below:

    The Adam Law Office.
    Att: Richard Adam, Esq.
    112 West 34th St., 18th Floor
    New York, New York 10120

    U.S. Trustee's Office
    Att: Alicia Leonhard                    Mark Tulis, Trustee
    74 Chapel Street                        220 White Plains Rd, 2nd Floor
    Albany, New York 12207             Tarrytown, New York 10591

      ALL CREDITORS AND PARTIES IN INTEREST SET FORTH IN ATTACHED
                              MAILING MATRIX

                                           /s/ Allison Murphy
                                           ALLISON MURPHY

Sworn to before me on this
6th day of June, 2017.

/s/ Michael O'Leary
MICHAEL O'LEARY
Notary Public, State of New York
No. 4671514
Qualified in Orange County
My Commission Expires June 30, 2018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------X
In Re:

                                                                              Chapter 7

BIERCA NATALIA RAMOS                      Case No. 12-35795 (CGM)
a/k/a BIERCA NATALIA URENA-RAMOS
a/k/a NATALIE RAMOS


                       Debtor(s)
-----------------------------------------------------X

## APPLICATION IN SUPPORT OF MOTION
## TO RE-OPEN CASE, PURSUANT TO 11 U.S.C. §350 (b) and FRBP RULE 5010

MICHAEL O'LEARY, ESQ. affirms the following to be true under penalties of perjury:

1. That I am the attorney of the herein debtor and am a member of the law firm of Hayward, Parker, O'Leary & Pinsky, Esqs., and submit this Affirmation in support of her motion to re-open her discharged Chapter7 case for the purpose of administering an asset. The appointment of a new Trustee is also requested.

2. On March 30, 2012, the debtors filed a Chapter 7 bankruptcy petition. Your applicant was the attorney of record in said case. The existence of a pre-petition personal injury claim inadvertently was not disclosed in the filed petition. Mark Tulis was the duly appointed Chapter 7 Trustee in said case. Your applicant's recent conversation with the debtor indicated that she did not recall mentioning the personal injury claim at the May 26, 2012 §341 Meeting.

3 A Final Report and Account of Trustee in No-Asset case was filed by the Trustee on April 27, 2012 and an Order of Final Decree discharging the Trustee and closing the case was entered on July 1, 2012.

4. On April 20, 2017 your applicant discussed this case with Richard Adam, Esq. of The Adam Law Office, PC, concerning debtor's personal injury lawsuit against Sunnyside Drive Manor, LTD and Anker Management Corp., currently pending in Bronx County Supreme Court under Index Number 301370/10. Shortly thereafter your applicant engaged in a three-way conversation with Former Trustee Mark Tulis and debtor's PI attorney Richard Adam, at which time it was agreed that your applicant would bring on the motion to re-open the bankruptcy case. Through conversations and email exchanges your applicant learned that the underlying "slip and fall" accident forming the basis of said claim occurred on February 21, 2007, over five (5) prior to the bankruptcy filing. The lawsuit was timely commenced on February 18, 2010, three days prior to the running of the statute of limitations. The State Court defendant currently has pending in State Court a motion seeking dismissal of case due to debtor's lack of capacity to sue by virtue of the claim never having been administered by the trustee.

5. That the provisions of 11 U.S.C. §350(b) allow for a closed case to be reopened to

administer assets, and FRBP Rule 5010 authorizes the US Trustee to appoint a Chapter 7 Trustee in the re-opened case when "necessary to protect the interests of the creditors and the debtor or to insure efficient administration of the case".

6. It is respectfully submitted that the best course of action for the creditors of this estate and the debtor is to allow for the re-opening of this bankruptcy case and the appointment of a new Trustee so that if the State court case has not yet been dismissed the Trustee can step in, administer the asset and moot out the lack of standing grounds that is the basis of the State Court dismissal motion. Alternatively, if the dismissal motion has already been granted and the case is re-opened, a new personal injury case can be commenced, with the Trustee as plaintiff. The provisions of N.Y.C.P.L.R. §205(a) set forth:

> (a) new action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgement upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that the service upon defendant is effected within such six month period.

Because the original lawsuit was timely commenced and would not have been terminated in a manner above proscribed, the Trustee will be able to commence a new personal injury lawsuit within six (6) months after the dismissal of the currently pending personal injury lawsuit. The New York State appellate courts have specifically recognized that the above statute is applicable in this exact situation. See Genova, as Trustee for Hansen v. Madani, 725 NYS2d 141 (3rd Dept., decided 5/24/01); Tulis v. Nyack Hospital, 271 NYAD2d 684; Pinto v. Ancona, 262 NYAD2d 472.

7. That it is requested that a Chapter 7 interim Trustee be appointed in this re-opened case.

8. No prior application has been made for the relief requested herein.

WHEREFORE the undersigned respectfully requests that this Court enter an Order in accordance with the foregoing.

    /s/ Michael O'Leary
    MICHAEL O'LEARY, ESQ.

Dated: Middletown, NY
       June 1, 2017

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
----------------------------------------------------X
In Re:

                                                                Chapter 7

BIERCA NATALIA RAMOS              Case No. 12-35795 (CGM)
a/k/a BIERCA URENA-RAMOS
a/k/a NATALIE RAMOS

                Debtor(s)
----------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF MOTION
## TO RE-OPEN CASE, PURSUANT TO 11 U.S.C. §350 (b) and FRBP RULE 5010

    BIERCA URENA-RAMOS, being duly sworn, deposes and says:

    1.   That I am the debtor in the instant case and submit this Affidavit in support of my motion to re-open my bankruptcy case. The allegations set forth herein are based upon my actual knowledge.

    2.   When my bankruptcy was filed in 2012 I was recently separated from my husband and moving from place to place, and my life was very unsettled at said time. I was overwhelmed by my unwanted circumstances at that time, and when disclosing my assets on my bankruptcy petition I did not even think of the personal injury claim that arose from a "slip and fall" that had occurred over five (5) years prior thereto. I was under the mistaken belief that an asset, for bankruptcy purposes, had to be something tangible, i.e., that I already had in my hand. I did not realize that an inchoate claim, such as a personal injury claim, had to be listed as well. My failure to list said asset was based solely upon an inadvertent and innocent misunderstanding on my part, as above described. There was no intent on my part to intentionally hide this asset from my bankruptcy estate.

    3.   That your deponent requests that the Court re-open the bankruptcy case and appoint a new Trustee so that the personal injury case can be administered.

                                                     /s/ Bierca Urena-Ramos
                                                       BIERCA URENA-RAMOS

Sworn to before me this
3rd day of June, 2017

/s/ Michael O'Leary
MICHAEL O'LEARY
Notary Public, State of New York
No. 4671514
Qualified in Orange County
My Commission Expires June 30, 2018